1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9    AURORA LOAN SERVICES, LLC,

10            Plaintiff,                    CIV. NO. S-12-0599 JAM GGH PS

11        vs.

12
    VANG CHANTHAVONG,
13

14            Defendant.            FINDINGS AND RECOMMENDATIONS

15    _____/

16            This is an unlawful detainer action that was removed by pro se defendant Vang

17    Chanthavong from Sacramento County Superior Court on March 7, 2012.  (Dkt. No. 1.)  It was

18    referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

19            Defendant has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

20    § 1915.  (See Dkt. No. 2.)  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the

21    case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

22    malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

23    an immune defendant.  After reviewing the notice of removal and its accompanying documents,

24    the court concludes that it lacks subject matter jurisdiction over the action.

25            Removal jurisdiction statutes are strictly construed against removal.  See Libhart

26    v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be

1   rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc.,

2   980 F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the

3   party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th

4   Cir. 1994).

5           A defendant may remove a civil action from state court to federal district court

6   only if the district court has original jurisdiction over the action, i.e. if the action originally could

7   have been filed in federal court. See 28 U.S.C. § 1441(a).  A district court has original

8   jurisdiction over a civil action when: (1) a federal question is presented in an action "arising

9   under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of

10  citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).

11          In regards to federal question jurisdiction, federal courts have "jurisdiction to

12  hear, originally or by removal from a state court, only those cases in which a well-pleaded

13  complaint establishes either that federal law creates the cause of action, or that the plaintiff's

14  right to relief necessarily depends on resolution of a substantial question of federal law."

15  Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).  Mere

16  reference to federal law is insufficient to permit removal.  See Smith v. Industrial Valley Title

17  Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992).  Also, defenses and counterclaims cannot provide a

18  sufficient basis to remove an action to federal court.  See Berg v. Leason, 32 F.3d 422, 426 (9th

19  Cir. 1994); Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985); FIA

20  Card Servs. v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010).

21          Here, removal cannot be based on federal question jurisdiction.  The exhibits

22  attached to the removal notice establish that the state court action is nothing more than a simple

23  unlawful detainer action, and is titled as such.  (See Dkt. No. 1 at 4-7. )  According to the

24  complaint, plaintiff acquired the subject real property in Sacramento, California after a non-

25  judicial foreclosure sale and is seeking to evict defendant from the property.  (Dkt. No. 1 at 5, 12-

26  13.)  This court has no jurisdiction over unlawful detainer actions, which are strictly within the

1 | province of the state court.

2 |      The notice of removal, in conclusory fashion, states that the complaint presents

3 | federal questions and that this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

4 | and 1441.  Some of the attachments to the notice of removal refer to notices to renters and the

5 | Protecting Tenants at Foreclosure Act ("PTFA").  See Pub. L. No. 111-22, § 702, 123 Stat. 1632

6 | (2009).  To the extent that defendant contends that a federal question is presented under the

7 | PTFA, that argument is without merit, because plaintiff's complaint itself is strictly an action

8 | based on the California unlawful detainer statutes.  Thus, any right or claim under the PTFA is

9 | best characterized as a potential defense or counterclaim, neither of which is considered in

10 | evaluating whether a federal question appears on the face of a plaintiff's complaint.

11 |      Any defenses based on federal law must generally be raised in the state court

12 | action and do not provide a basis for removal.  "A case may not be removed to federal court on

13 | the basis of a federal defense,...even if the defense is anticipated in the plaintiff's complaint, and

14 | even if both parties admit that the defense is the only question truly at issue in the case."  ARCO

15 | Environmental Remediation, LLC v. Dept. of Health and Environmental Quality of the State of

16 | Montana, 213 F.3d 1108, 1113 (9th Cir. 2000); see also Valles v. Ivy Hill Corp., 410 F.3d 1071,

17 | 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on

18 | a federal court, even if the defense is that of federal preemption and is anticipated in the

19 | plaintiff's complaint.")  Indeed, several federal district courts in California have specifically held

20 | that a defense based on the PTFA cannot serve as the basis for removal jurisdiction.  See e.g.

21 | Aurora Loan Services, LLC v. Montoya, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011); SD

22 | Coastline LP v. Buck, 2010 WL 4809661, at **2-3 (S.D. Cal. Nov. 19, 2010); Wescom Credit

23 | Union v. Dudley, 2010 WL 4916578, at **2-3 (C.D. Cal. Nov. 22, 2010); Aurora Loan Services,

24 | LLC v. Martinez, 2010 WL 1266887, at *1 (N.D. Cal. March 29, 2010).

25 |      Nor can the action be removed on grounds of diversity jurisdiction.  First, the

26 | amount in controversy does not exceed $75,000, because plaintiff's complaint specifically seeks

less than $10,000.  (Dkt. No. 1 at 4.)[1]  Second, defendant appears to be a resident and citizen of California, and therefore cannot remove the action from a California state court on the basis of diversity jurisdiction.  See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.")

Based on the aforementioned analysis, the court finds that remand is appropriate, because there is no subject matter jurisdiction.  In light of the above, defendant's request to proceed in forma pauperis should also be denied.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Defendant's request to proceed in forma pauperis (dkt. no. 2) be denied;

2.  The action be remanded to the Sacramento County Superior Court;

3.  The Clerk be directed to serve a certified copy of this order on the Clerk of the Sacramento County Superior Court, and reference the state case number (11UD04769) in the proof of service; and

4.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The \\\\\

---

[1]  Plaintiff essentially seeks possession of the property, costs, and rental value at $80.00 per day.  (Dkt. No. 1 at 6.)

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: March 13, 2012

4                                            /s/ Gregory G. Hollows
                                      UNITED STATES MAGISTRATE JUDGE

5

6

7
   GGH/wvr
8  Chanthavong.599.ifp-fr.remand.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26